**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7582**

_____

JOE LOGAN, SR.,

　　　　　Plaintiff – Appellant,

　　v.

UNITED STATES OF AMERICA,

　　　　　Defendant – Appellee,

　　and

UNKNOWN CORRECTIONAL OFFICER; UNKNOWN CORRECTIONAL OFFICER,

　　　　　Defendants.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge. (5:10-ct-03173-FL)

_____

Submitted:  January 28, 2013　　　Decided:  February 12, 2013

_____

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Joe Logan, Sr., Appellant Pro Se. Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Logan, Sr., appeals the district court's orders dismissing his action under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction and denying his Fed. R. Civ. P. 59(e) motion.[*] On appeal, Logan argues that the district court abused its discretion in rejecting his requests to reopen discovery and for an enlargement of time. He also challenges the district court's conclusion that his FTCA claim is barred by the discretionary function exception to sovereign immunity. See 18 U.S.C. § 2680(a) (2006). We have reviewed the record and find no reversible error as to these issues. Accordingly, we affirm substantially for the reasons stated by the district court. Logan v. United States, No. 5:10-ct-03173-FL (E.D.N.C. Jan. 27, 2012 & Sept. 6, 2012). We deny Logan's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] While we conclude that the district court erred in construing Logan's motion to alter or amend as a Fed. R. Civ. P. 60(b) motion, we conclude this error was harmless, as Logan cannot demonstrate that he is entitled to relief under Rule 59(e). See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (describing Rule 59(e) standard).